HENRY DVORKIN AND ESTHER DVORKIN, PLAINTIFFS,
v. TOWNSHIP OF DOVER, A MUNICIPAL CORPORATION
OF NEW JERSEY, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided March 18, 1958.

*Mr. Victor Samuel,* attorney for plaintiffs.

*Messrs. Camp and Simmons,* attorneys for defendant.

WICK, J. S. C.   Plaintiffs purchased for $2,810 a tax sale certificate covering lands in the defendant township upon which there was due on the date of sale, May 22, 1956, the sum of $564.68, for taxes, interest and costs.   The sale was held under *N. J. S. A.* 54:5–114.2 and a notice duly advertised and posted which recited that the certificate in question "No. 1209 covering Lot 25, Block 192, as shown on Tax Map of said Township, the owner of which is Jonathon Johnson's heirs, as shown in Collector's list," would be offered at public sale and that "no bid of less than $564.68 will be accepted  *  *  *"; and that the sale was being held pursuant to a resolution of the township committee.

The matter is presented to the Court upon stipulation which among other things contains the following: "*  *  * that the Township made no representation as to the area or acreage of said Lot 25 or its physical condition or location, that the Township was selling the Tax Sale Certificate and its interest in the lands covered thereby as is and that the purchaser would not get a Deed from the Township for said property but would only get an Assignment of Tax Sale Certificate No. 1209 and that no claim for any refund of any part of the purchase price for any reason whatsoever need be recognized by the Township." Thereafter 37 separate bids were made for the certificate by four interested bidders, with the plaintiff Henry Dvorkin making the highest bid of $2,810, plus attorneys' fees and legal advertising fees. Thereafter, on June 12, 1956 the township committee duly adopted a resolution confirming the sale and authorized its proper officers to execute and deliver the proper assignment of tax sale certificate which was thereafter done and recorded by the plaintiffs in the Ocean County Clerk's Office. On January 24, 1957 an owner in interest redeemed the lands by the payment to the tax collector of $593.35, being the amount which was due upon the certificate when sold at the public sale, with interest to the date of redemption.

Plaintiffs contend that the statute which permits such public sale is unconstitutional insofar as no provision is

made for the return of the difference between the taxes actually due and the purchase price paid on such public sale.

N. J. S. A. 54:5–114.1 and 114.2 were enacted by the Legislature to give municipalities additional methods of selling their tax certificates and thus produce the collection of its taxes necessary to its continued operation. All of these methods, together with the old established ones under N. J. S. A. 54:5–112 and 113, are used in varying circumstances in most of our municipalities for this purpose.

Each of these acts requires that the municipality give notice of the amount of taxes then due or in other words the amount required for redemption by the owner, and then says that the certificate will be sold to the highest bidder, subject to confirmation by the governing body. In each instance it is readily foreseeable that the bid will be either for the amount due or for a sum greater than the amount of taxes due and required to redeem. The framers of the legislation must have contemplated that in many instances bids would be made for more than the amount required to redeem, yet nowhere in the legislation is there any mention that upon redemption the purchaser would be entitled to a refund of the amount which he paid in excess of the amount required to redeem.

Plaintiffs argue that the whole of the law regarding taxation of real estate must be read together and that other statutes *in pari materia,* should give purpose and meaning to this statute with regard to the refund. They cite N. J. S. A. 54:5–33, regarding premium bidding at tax sales, which requires the return thereof if redemption is made by the owner within five years of the sale, and that this statute should give to N. J. S. A. 54:5–114.2 that which the plaintiffs believe is lacking to give them the right to the refund. N. J. S. A. 54:5–33, while dealing with the general problem of tax sales is concerned only with creation and establishment of the lien and the questions arising at that time. N. J. S. A. 54:5–113, 54:5–114.1 and 54:5–114.2 deal with the sale of these liens after coming into the hands

of the municipality, and no policy of refund at the time of creation can be carried over into the legislative scheme of municipalities' power to dispose of its liens by sale under the three permitted methods.

Plaintiffs also cite *Kerr v. Trescher,* 34 *N. J. Super.* 437, at *page* 443 (*Ch. Div.* 1955), where Judge Haneman said, "Under both *N. J. S. A.* 54:5–114.1 and 114.2 the assignee is entitled upon redemption to the payment only of the amount actually paid by him for the assignment." The facts he was dealing with placed the case under *N. J. S. A.* 54:5–113 and it must be concluded he referred to these sections in the light of the facts of his case wherein the purchaser had paid less for the assignment than the amount required to redeem. His words cannot be interpreted to mean more than in respect to the matter before him.

Upon an assignment of a tax sale certificate held by a municipality, the assignee succeeds to the right of the municipality thereunder. This includes the right to receive the same amount that the municipality was entitled to receive upon redemption. *Kerr v. Trescher, supra.* Nothing within the statute changes this formula, the words thereof being "* * * together with the total amount required for redemption including interest and costs to the date of sale and the amount of subsequent liens with interest, * * *." The statute relating to redemption requires only this amount to be paid by the owner and no more. No words in *N. J. S. A.* 54:5–114.2 or any other related statute gives any basis by which the plaintiffs purchasers should receive a refund from the municipality. The purchasers must be presumed to have understood the conditions of sale and that which was being sold, a tax lien for an amount which was then due against certain lands and a right to foreclose the lien for that amount.

It is determined that where legal sale and assignment of a tax sale certificate is made under *N. J. S. A.* 54:5–114.2, upon redemption the assignee of such tax sale certificate is entitled to receive the amount of taxes, interest and costs, with interest, required for redemption by the owner in in-

terest, and not the amount the assignee may have bid at a public sale of said certificate, either from the owner or the difference from the municipality.

Judgment will be entered in accordance herewith.